IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.  1:24-CR-472 (LEK) |
| | ) |
| **v.** | ) **GOVERNMENT'S SENTENCING** |
| | ) **MEMORANDUM** |
| **MAGNIFICENT BROWN,** | ) |
| | ) |
| **Defendant.** | ) |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum respectfully requesting that the Court sentence the defendant to a term of imprisonment within the guidelines range to be followed by a supervised release term of five years.

## BACKGROUND

On January 22, 2025, pursuant to a written plea agreement, the defendant pled guilty to a two-count information charging, in Count 1, conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and in Count 2, possession of a firearm as a prohibited person, in violation of 18 U.S.C. § 922(g)(1). The government adopts the facts set forth in the Initial Presentence Investigation Report (Dkt. No. 51, hereinafter the "PSR") prepared in this proceeding by the United States Probation Office.

The defendant was arrested on June 10, 2024, and has been detained since he violated the conditions of pretrial release on August 23, 2024. Sentencing is set for May 28, 2025, in Albany, New York.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.  **Statutory Maximum Sentence**

The defendant's conviction on Count 1 subjects him to a maximum term of imprisonment is 40 years. 21 U.S.C. § 841(b)(1)(B). Count 2 subjects the defendant to a maximum term of imprisonment of 15 years. 18 U.S.C. §§ 922(g)(1), 924(a)(8). The convictions also subject the defendant to a maximum statutory fine of $5,000,000 on Count 1, $250,000 on Count 2, and a term of supervised release of between four years and life, 21 U.S.C. § 841(b)(1)(B), but not more than three years on Count 2, 18 U.S.C. §§ 3571(b)(3), 3583(b)(2). A special assessment of $200 shall also be imposed. 18 U.S.C. § 3013.

2.  **Guidelines Provisions**

    a.  **Offense Level**

The government agrees with Probation's calculated total offense level of 25. PSR ¶ 50. The government understands that the defense objects to the imposition of the U.S.S.G. § 2D2.1(b)(12) enhancement but believes that the PSR correctly scores it in this case. Section 2D1.1(b)(12) can apply in a variety of circumstances, and as the Second Circuit recently held, the Court must determine whether facilitation of the drug conspiracy was one of the primary purposes of the home. *See United States v. Esteras*, 102 F.4th 98, 105 (2d Cir. 2024). The Court must apply a totality of the circumstances test and consider factors such as "(i) the frequency and number of drug sales occurring at the home, (ii) the quantities of drugs bought, sold, manufactured, or stored in the home, (iii) whether drug proceeds, employees, customers, and tools of the drug trade ... were present in the home, and (iv) the significance of the premises to the drug venture." *Id.* (cleaned up). Here, those factors weigh in favor of the enhancement's application.

19 Kossar Place in Ellenville was, as he described, the defendants "office." He and co-

2

conspirators made at least 6 sales of controlled substances from the residence, buyers were regularly directed there, and it was a well enough known distribution point that there was occasionally more than one buyer on sight. PSR ¶¶ 16-27. The defendant distributed multiple types of controlled substances from the address; both crack cocaine and methamphetamine. Because the sales took place there, it was necessarily important to the drug venture and was the site of numerous drug proceeds. For all those reasons, the enhancement applies.

### b.     Criminal History Category

The government agrees with the U.S. Probation Office's determination that the defendant's criminal history category is II. PSR ¶ 56.

### c.     Guidelines Ranges

As the PSR notes, the guidelines imprisonment range is 63 to 78 months. PSR ¶ 77. The guideline range for supervised release on Count 1 is four to five years, and one to three years on Count 2. PSR ¶ 83. The guidelines fine range is $20,000 to $5,000,000. PSR ¶ 89. The defendant is not eligible for probation because it is precluded by statute. PSR ¶¶ 84.

### GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully submits that a sentence of within the 63-to-78-month guidelines range is sufficient, but not greater than necessary, to comply with the sentencing factors in 18 U.S.C. § 3553(a). Although the Guidelines are no longer mandatory, the Second Circuit has instructed district courts to consider them "faithfully" when sentencing. *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that the Guidelines are "the product of careful study based on

extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act—"to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Here, a sentence within the guidelines range is merited. As detailed in the PSR, the defendant, already a convicted felon, PSR ¶ 44, regularly sold controlled substances in the Ellenville area, and possessed firearms while doing so. The defendant was able to procure and sell, significant amounts of methamphetamine and worked with several coconspirators to do so. Given the defendant's troubles with pretrial supervision, the government also believes a five year term of supervised release is warranted. And because of the defendant's noted issues with substance abuse, the special conditions of supervised release provided by probation are also appropriate.

The government's requested sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence. The requested sentence will reflect nature and circumstances of the offense and the history and characteristics of the defendant. It will also reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment.[1]

\*    \*    \*

For the foregoing reasons, the defendant should be sentenced to term of imprisonment within the 63-78 month guidelines range to be followed by 5 years of supervised release.

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond.   Fed R. Crim. P. 32(i)(1)(c), (h). Further, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the U.S. Probation Office.

Dated: May 6, 2025 Respectfully submitted,

                                                                          JOHN A. SARCONE
                                                                          United States Attorney

By: */s/ Joseph S. Hartunian*
             Joseph S. Hartunian
             Assistant United States Attorney
             Bar Roll Nos. 704398

## Certificate of Service

    I certify that on May 6, 2025, I electronically filed the foregoing sentencing memorandum with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Eric Schillinger, Esq., attorney for the defendant.

                                       By:     */s/ Joseph S. Hartunian*
                                                        Joseph S. Hartunian
                                                        Assistant United States Attorney